UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
INDEPENDENT LIVING AIDS, INC.,
and MARVIN SANDLER,

                      Plaintiffs,              **ORDER**
                                                                               CV 95-656 (ADS) (ARL)
      -against-

MAXI-AIDS, INC., et al.,

                      Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court, on referral from District Judge Spatt, is Independent Living Aids' ("ILA") and Marvin Sandler's ("Sandler") motion for an award of counsel fees for the defense of the appeal by the defendant, Maxi-Aids, Inc. ("Maxi-Aids"), Harold Zaretsky and Elliot Zaretsky, to the United States Court of Appeals. By order dated October 11, 2005, the undersigned directed the plaintiffs to submit papers in support of their motion. The court also gave the defendant an opportunity to oppose the motion. By letter dated October 14, 2005, counsel for the defendants requested that the court decide the motion on the papers submitted to Judge Spatt. That request was granted as unopposed. Based on those papers, the court finds that an award of attorneys' fees is not warranted.

                                    **BACKGROUND**

The plaintiffs commenced this action in 1995 alleging that the defendants, Maxi Aids, Harold Zaretsky, Mitchell Zaratesky, Elliot Zaretsky and Pamela Zaretsky-Stein (collectively "the defendants") had engaged in copyright infringement, trademark infringement, unfair competition, false advertising and deceptive practices. The plaintiffs and the defendants both sell products used by visually impaired and physically disabled people. On December 8, 1997, after a

fifteen day trial, the jury returned a unanimous verdict in favor of the plaintiffs and awarded them $2,400,000.06 for loss of business and profits. Following the verdict, Judge Spatt issued a permanent injunction against all the defendants, with the exception of Harold Zaretsky. The permanent injunction decreed that the plaintiff ILA was the owner of certain copyright registrations related to its catalogs and of a common law trademark consisting of inverted triangles with the letters ILA inside a diamond to the left of the triangles and the phase "Independent Living Aids"and enjoined the defendants from using the ILA logo. Finally, the court granted the plaintiffs' motion for attorneys' fees and costs incurred in connection with the action.

Thereafter, an amended judgment of permanent injunction was entered by Judge Spatt, which was later corrected on January 24, 2002. In March 2002, ILA moved for an order of contempt against Maxi–Aids. As a result of the motion, the court realized that the January 24th corrected amended judgment of permanent injunction was ambiguous as to whether Maxi-Aids was enjoined from using the phrase "Independent Living Aids" without the ILA logo. Accordingly, on July 5, 2002, the District Court modified its January 24, 2002 order and enjoined the defendants from using the ILA logo that consisted of the inverted triangles with the letters ILA inside a diamond to the left of the triangles and the phrase "Independent Living Aids" by itself in connection with the sale and distribution of its products. The defendants appealed the July 5, 2002 order to the Second Circuit.

After argument, the Second Circuit affirmed the District Court's finding that the modification was necessary to render the permanent injunction consistent with the jury's finding that ILA owned a valid trademark for the term "Independent Living Aids" by itself. In its decision, the Second Circuit noted that although Maxi-Aids was enjoined from using the term

2

"Independent Living Aids," it was not prevented from using the lower-case term "independent living aids" as the capitalization issue had not been raised with the court. The Second Circuit indicated, however, that ILA was free to seek further modification of the permanent injunction to ensure that ILA's trademark applied to the lower-cased term, if applicable.

Following the decision by the Second Circuit, ILA did seek to modify the amended judgment of permanent injunction to prohibit the defendants from using, in any shape or form, the term independent living aids, whether capitalized or lower-cased. On February 21, 2004, District Judge Spatt granted the plaintiffs' application. In his decision, Judge Spatt determined that an amendment enjoining Maxi-Aids' use of the phrase "independent living aids" in any form was required in order to achieve the purposes of the original injunction. In so ruling, the court noted that because internet search engines are not case sensitive, a search for "Independent Living Aids" would yield the same results as a search for "independent living aids."[1]

Maxi-Aids then appealed Judge Spatt's decision to further modify the permanent injunction to the Second Circuit. By summary order dated April 4, 2005, the Second Circuit affirmed the District Court's February 21st order. However, in their decision, the Second Circuit noted that:

> "independent living aids" cannot be afforded the "broad, muscular protection" granted to arbitrary or fanciful marks. Rather, it enjoys "lesser protection," or, in some cases, "no protection at all." In light of these limitations, the District Court's modification may seem extreme in that it prevents Maxi-Aids from using "independent living aids" entirely in advertisements and product descriptions. Given the facts presented to the District Court, however, this categorical prohibition did not constitute an abuse of discretion.

Moreover, the Second Circuit clarified that the modification would not limit the defendant "from

---

[1] Maxi-Aids argument challenging the validity of the trademark because the term "independent living aids" is generic was found to have been waived by the Second Circuit.

commercial employment of alternative concatenations of "independent," "living," and "aid" and that by permitting such concatenations of the three words, people using search engines could find the defendants' website, which is precisely what the plaintiffs sought to prevent. Despite, the Second Circuit's finding that the modification seemed extreme, the plaintiffs now contend that the defendants acted in a willful, deceitful and contemptuous manner. The plaintiffs, thus, argue that they are entitled to an award of attorneys' fees incurred in connection with the latest appeal, as well as the instant motion.

**DECISION**

The factors to be considered by the court when it determines an application of this nature were previously set forth by District Judge Spatt in his order dated February 21, 2004. *See* memorandum of Decision and Order dated 2/21/04 at 11. Relying on the provisions set forth in the Lanham Act, Judge Spatt stated that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." *Id.* (citing 15 U.S.C. §1117(a)). He further indicated that while exceptional circumstances include willful infringement, a showing of bad faith is not a prerequisite for an award of attorneys' fees. *Id.* Finally, Judge Spatt indicated that "unless a Court finds that the defendants' appeal was "groundless, unreasonable, vexatious or pursued in bad faith," attorneys' fees will not be awarded. *Id.* (citing *Taj Mahal Enterprises, Ltd. V. Trump*, 745 F. Supp. 240, 253 (D.N.J. 1990). With these guidelines in mind, the undersigned addresses the plaintiffs' arguments in support of the instant motion.

The plaintiffs contend that this appeal was undertaken in bad faith and that the appeal is an extension of the same conduct that the jury found to be willful and deliberate. Specifically, the plaintiffs argue that the defendants asserted the same argument in this appeal that they had previously made to the Second Circuit in connection with its appeal of Judge Spatt July 5th order,

4

that is, that the phase "independent living aids" is a generic term. The plaintiffs argue, in this regard, that the defendants knew that the argument had already been deemed waived by the Second Circuit. Moreover, the plaintiffs argue that the award of fees is justified due to the calculated, intentional and predatory practices of Maxi-Aids acknowledged by the Second Circuit. The defendants underlying conduct notwithstanding, the court cannot disregard the fact that even the Second Circuit recognized that the issues raised in the latest appeal were not only reasonable, but arguably a close call. Accordingly, the undersigned finds that the defendants' appeal was not groundless or unreasonable, and thus, the plaintiffs' request for attorneys' fees pursuant to 15 U.S.C. § 1117(a) is denied.[2]

Dated: Central Islip, New York  **SO ORDERED:**
      March 3, 2006

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

---

[2] Although the plaintiffs have referenced the Copyright Act in the Affidavit of Jack Dweck submitted in support of the application, see § 7, and cite to cases that address both the Lanham and Copyright Acts, it is clear from the plaintiffs' memorandum that the plaintiffs are seeking attorneys' fees pursuant to 15 U.S.C. 1117(a). *See* Pls. Mem. of Law in Support at 4. Nonetheless, the court notes that its ruling would not have changed had the plaintiffs sought attorneys' fees pursuant to the Copyright Act. Although "exceptional circumstances" need not be proven under the Copyright Act, 17 U.S.C. §505, several factors guide the court's discretion in awarding such fees, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *See also Matthew Bender v. West Publ'g,* 240 F.3d 116, 121 (2d Cir. 2001). Of these, the "objective unreasonableness" factor has been accorded substantial weight. *Id.; see also Viacom Int'l, Inc. v. Fanzine Int'l ,* 2001 U.S. Dist. Lexis 11925 *18 (S.D.N.Y. Aug. 16, 2001). Here, the court has found that the defendant had a reasonable basis for appealing the February 21st order, and concludes that an award of attorneys' fees is not warranted pursuant to 17 U.S.C. §505.